**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4034

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL MAURO CHAVEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:18-cr-00311-MOC-DCK-3)

Submitted:  August 20, 2024                      Decided:  September 19, 2024

Before WILKINSON, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Robert L. Sirianni, Jr., BROWNSTONE, P.A., Winter Park, Florida, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Thomas E. Booth, Attorney, Appellate Section, Della Grace Sentilles, Attorney, Fraud Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Mauro Chavez appeals his convictions and the 133-month sentence imposed after a jury found him guilty of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349; 2326(2)(A); six counts of wire fraud, in violation of 18 U.S.C. §§ 2; 1343; 2326(2)(A); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and six counts of international money laundering, in violation of 18 U.S.C. §§ 2; 1956(a)(2)(A). Chavez contends that the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal, in which he argued that the Government had not produced sufficient evidence establishing that he was the same "Manuel Chavez" named in the indictment. Chavez also contests the district court's calculation of the Sentencing Guidelines range. For the reasons that follow, we affirm.

Ordinarily, "[w]e review de novo a district court's denial of a Rule 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). Here, however, we need not reach the merits because Chavez has waived his challenge by neglecting to provide appropriate record citations and by failing to dispute the basis for the district court's decision.

"Appellate courts are not like pigs, hunting for truffles buried in briefs." *Hensley on behalf of N. Carolina v. Price*, 876 F.3d 573, 581 n.5 (4th Cir. 2017) (internal quotation marks omitted). Nor is it the job of an appellate court "to wade through the record and make arguments for either party." *Id.* (internal quotation marks omitted). For these reasons, the argument section of the appellant's opening brief "must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record

2

on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). An appellant's failure to comply with Rule 28(a)(8)(A) results in waiver of the arguments that lack accompanying record citations. *United States v. Miller*, 41 F.4th 302, 313 (4th Cir. 2022).

Although his entire argument hinges on whether the evidence adduced at trial sufficiently established his identity, the relevant portion of Chavez's opening brief does not provide a single citation to the trial record. Instead, he cites only his posttrial Rule 29 motion as substantive support for his arguments. By failing to comply with Rule 28(a)(8)(A), Chavez has waived his Rule 29 arguments.

Separately, Chavez fails to address the basis for the district court's decision. In his motion, Chavez argued that none of the Government's witnesses made an in-court identification or otherwise identified him as the "Manuel Chavez" named in the indictment. However, the district court held that other evidence—including two pictures of Chavez that were published to the jury—sufficiently established Chavez's identity. On appeal, Chavez completely ignores this point and, as a result, does not grapple with whether the identity evidence highlighted by the court was, in fact, sufficient. Consequently, Chavez has again waived his challenge to the court's denial of his Rule 29 motion. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)); *In re Under Seal*, 749 F.3d 276, 293 (4th Cir. 2014) ("[T]o obtain reversal of a district court judgment . . . , an appellant must

3

convince us that every stated ground for the judgment against him is incorrect." (internal quotation marks omitted)).[1]

Turning to Chavez's Guidelines arguments, we conclude that any error in the calculation of the Guidelines range was harmless. Under the "assumed error harmlessness inquiry," an allegedly erroneous application of the Guidelines does not require reversal if we can determine that the asserted errors are harmless. *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). To reach this conclusion, we must find that "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up).

Here, the district court expressly stated that, irrespective of the correct Guidelines range, a 133-month variance sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Because "the district court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), the first prong is satisfied, *id.* at 383.

On the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed errors. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be

---

[1] Even if we were to overlook these shortcomings, we would conclude that the district court did not err in denying Chavez's Rule 29 motion.

4

"sufficient, but not greater than necessary," to satisfy the goals of sentencing.  18 U.S.C. § 3553(a).  "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted).  "However, when the variance is a substantial one . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence.  And the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.* at 219-20 (cleaned up).  Still, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court calculated a total offense level of 36, a criminal history category of I, and a Guidelines range of 188 to 235 months.  Had the court sustained Chavez's objections to the application of four Guidelines enhancements, the offense level would have been reduced to level 26.  And if the court had applied the mitigating role adjustment that Chavez had requested, his offense level could have dropped to as low as level 22, *see* U.S. Sentencing Guidelines Manual § 3B1.2 (2018), yielding a Guidelines range of 41 to 51 months.

So, at 133 months, Chavez's sentence is between three- and four-times the low end of the lowest Guidelines range that could have applied if Chavez had prevailed on each of his Guidelines arguments.  In explaining its sentence, the district court underscored the seriousness of Chavez's crimes, which involved his participation in a sweepstakes telemarketing scheme that duped hundreds of victims—many of whom were elderly or

5

otherwise vulnerable—into sending money to scammers in the hopes of claiming a nonexistent sweepstakes prize. The court also emphasized the needs to deter others from preying on the old and infirm, to promote respect for the law, and to protect the public from Chavez's further crimes. And perhaps most importantly, the court looked to the 84-month sentence received by Paul Stiep, a similarly culpable coconspirator who, unlike Chavez, pleaded guilty and did not brazenly violate a court order.[2] The court reasoned that imposing a harsher sentence on Chavez was necessary to achieve a warranted sentencing disparity.

We are satisfied that, even as a substantial upward variance, the district court's 133-month sentence is substantively reasonable. We therefore conclude that any error in the court's application of the Guidelines is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Chavez violated the district court's sequestration order by twice contacting Stiep, then a prospective Government witness, on the first day of trial.